STERLING MEAKER CO. v. NESSLER et al.

(Supreme Court, Appellate Term.  May 15, 1908.)

SALES—ACTION FOR PRICE—EVIDENCE.

    In an action against two defendants for services rendered and materials furnished in making street car fenders, evidence by one of the defendants that by the contract between himself and his codefendant it was agreed that his codefendant, who was the inventor of the fender, should go far enough in the manufacture and experimenting with the fender to show it to be a success, and that until that time defendant was not to be responsible for any expense, had no bearing on the question whether defendant obligated himself to plaintiff to pay for the fenders and was inadmissible.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Sterling Meaker Company against Herman D. Nessler, impleaded with one Mortland. Judgment for Nessler, and for the Sterling Meaker Company against Mortland, and the Sterling Meaker Company appeals. Reversed, and a new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Arrowsmith & Dunn, for appellant.

Rush & Hare, for respondent.

GILDERSLEEVE, P. J.  This action was brought to recover the sum of $221.57 for services rendered and materials furnished by the plaintiff in making three street car fenders. The defendant Nessler was sued jointly with one Mortland. Mortland did not appear. At the close of the trial, the proof on the part of the plaintiff showing that the contract to manufacture the fenders had been made with the defendant Nessler alone, the plaintiff requested permission to sever the action, evidently meaning thereby to discontinue as to Mortland and hold Nessler only. This motion was granted, but subsequently the court gave a judgment in favor of the defendant Nessler against the plaintiff, and in favor of the plaintiff against the defendant Mortland. Mortland, however, does not appeal from such judgment.

The fact that plaintiff made the car fenders and the value of the labor and materials are not disputed. The testimony of the president of the plaintiff is that both of the defendants came to plaintiff's office in Newark, N. J., that the defendant Nessler carried on the conversation, and that he produced the model of a car fender, stating that he wanted an estimate of the cost of making a sample. Thereupon the superintendent of the factory was called in to examine the model, and the cost of manufacturing one was estimated at from $50 to $100. Nessler at the time made several statements indicating that he was responsible, and promised to pay for the making of the fender. While the fender was being made, both defendants came to the factory several times to examine it. After the first fender was finished, Nessler instructed the plaintiff to make two more, which was done. In this testimony the plaintiff's president was fully corroborated by the superintendent of the factory, and also by its vice president, who was also the assistant manager of the company; the latter testifying to having had many conversations over the telephone with Nessler relative to the making of the fenders. Nessler admitted going to plaintiff's office, and also that he was at the plaintiff's factory several times, but claimed that he told Stowe, plaintiff's president, that all the experimental work was to be financed by the defendant Mortland. He says that he did speak to Stowe about his own financial responsibility.

Some stress is laid by the respondent upon a letter written by Stowe to Mortland, after the first interview between the parties, giving the price for making the fender, as tending to show that the plaintiff gave credit to Mortland. This is explained by Stowe, who testifies that Nessler directed him, when his final estimate was made, to send it to Mortland, and Mortland's address was given Stowe for that purpose.

During the trial Nessler was permitted by the court to testify to

the relations that existed between himself and Mortland, relative to the making of the car fenders. This evidence was objected to by plaintiff's attorney, and was clearly immaterial. He testified that by the contract between himself and Mortland it was agreed that Mortland, who was the inventor of the fender, should go far enough in the manufacture and experimenting with the fender until it should show itself to be a success, and until that time Nessler was to be responsible for no expense. This testimony had no bearing upon the question as to whether or not Nessler obligated himself to the plaintiff to pay for the fenders made by it. This evidence was clearly inadmissible, and it may have had a material influence in determining the case.

An examination of the evidence leads us to the conclusion that the case should be retried, for the reason that the probabilities strongly predominate in favor of the plaintiff's contention, and also for errors in the admission of testimony.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GIEGERICH, J., concurs. GREENBAUM, J., concurs in result.